**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RunBuggy OMI Incorporated,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>Direct Logistic Transport LLC,<br><br>　　　　　　Defendant. | No. CV-23-00834-PHX-SPL<br><br>**ORDER** |

　　　　Plaintiff filed a complaint against Defendant asserting breach of contract and, in the alternative, unjust enrichment. (Doc. 1). Plaintiff has filed a motion for default judgment against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 14). For the reasons that follow, the Court will deny the motion without prejudice.

　　　　Because Defendant's default has been properly entered under Rule 55(a) (*see* Doc. 13), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

　　　　Because Plaintiff does not address the *Eitel* factors (*see* Doc. 14), the Court will

deny the motion for default judgment without prejudice. Plaintiff shall be afforded an opportunity to refile the motion. The new motion shall fully address each *Eitel* factor and also shall include an explanation and evidence sufficient to support any calculation of damages. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (factual allegations of the complaint relating to the amount of damages are not taken as true on a motion for default judgment); Fed. R. Civ. P. 8(b)(2)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

Moreover, Plaintiff alleges subject matter jurisdiction based on diversity of state citizenship (Doc. 1). The Complaint alleges that Plaintiff is a Delaware corporation with its principal place of business in Ontario, Canada. (Doc. 1 at 2). The Complaint further alleges that Defendant is a New York limited liability company with its principal place of business in New York. (Doc. 1 at 3). The Court notes, however, that for diversity purposes, "limited liability companies 'have the citizenship of each partner or member.'" *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (citation omitted). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each sub-member as well." *Id.* (citation omitted); *see also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

To ensure an accurate record and that the Court has subject matter jurisdiction, the Court will require a supplemental jurisdictional statement memorializing the proper citizenship of each party. *See also* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998) ("The presence of the nondiverse

party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." (internal citations omitted)). Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 14) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **August 30, 2023** to (1) file a new motion for default judgment consistent with this order; and (2) file a supplemental jurisdictional statement properly alleging the citizenship of each party, or point the Court to where this information is accurately reflected in the record.

Dated this 9th day of August, 2023.

Honorable Steven P. Logan
United States District Judge