**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RunBuggy OMI Incorporated,<br><br>            Plaintiff,<br>vs.<br><br>Direct Logistic Transport LLC,<br><br>            Defendant. | No.  CV-23-00834-PHX-SPL<br><br>**ORDER** |

       Before the Court is Plaintiff RunBuggy OMI, Inc.'s Third Motion for Default Judgment (Doc. 20), in which it asks the Court to enter a default judgment against Defendant Direct Logistic Transport, LLC. For the following reasons, the Motion is granted.

**I.    BACKGROUND**

       Plaintiff runs and maintains an online technology platform that provides a marketplace where those seeking to have vehicles transported, including individuals, vehicle manufacturers, finance companies, leasing and rental companies, car dealerships, and vehicle auctions can connect with vehicle carriers who provide transportation services and self-arrange for transportation. (Doc. 1 at ¶ 2; Doc. 20-1 at ¶ 13). Defendant created an account to use the Plaintiff's online technology platform and accepted the Terms of Service. (Doc. 1 at ¶ 17; Doc. 20-1 at ¶ 19). Defendant thereafter incurred charges pursuant to the Terms of Service in an amount of at least $171,664.27. (Doc. 20-1 at ¶ 20).

       On November 14, 2022, Plaintiff sent Defendant a notice demanding payment in

full and informing Defendant of its breach of the Terms of Service. (Doc. 1 at ¶ 21; Doc. 20-1 at ¶ 23). Although Defendant made partial payments, Defendant still owed at least $141,664.27 for its use of the Service. (Doc. 1 at ¶¶ 24–25; Doc. 20-1 at ¶¶ 24–25). To date, Defendant has failed or refused to pay the full amount due. (Doc. 20 at 3; Doc. 20-1 at ¶ 25).

## II.     DISCUSSION

### a.  Subject Matter Jurisdiction, Personal Jurisdiction, and Service

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). A court has a similar duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV 07-0589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has *no power to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)).

The Court has jurisdiction over the subject matter. Pursuant to 28 U.S.C. § 1332(a)(1), district courts have subject-matter jurisdiction in civil matters that are between citizens of different states and include an amount in controversy that exceeds $75,000. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) ("[A] federal court may exercise diversity jurisdiction only if there is no plaintiff and no defendant who are citizens of the same State.") (citation and quotation omitted). Here, Plaintiff and Defendant are citizens of different states. Plaintiff is a Delaware corporation with its principal place of business in California. (Doc. 20-1 at ¶ 4). *See Johnson v. Columbia*

*Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."). Defendant, however, is a limited liability company with members in only New York and Florida. (Doc. 17 at ¶¶ 3–5). *Id.* ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Moreover, Plaintiff has plead that the amount in controversy is at least $141,664.27. (Doc. 1 at ¶ 25). Accordingly, the Court has subject-matter jurisdiction.

Further, the Court has personal jurisdiction over Defendant. By accepting the Terms of Service, Defendant agreed to submit to the personal and exclusive jurisdiction of Arizona. (Doc. 20-3 at 11); *see Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) ("'parties to a contract may agree in advance to submit to the jurisdiction of a given court.'") (quoting *Nat'l Equip. Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316 (1964)). Finally, Defendant was properly served. (Doc. 10).

### b. Default Judgment Analysis: *Eitel* Factors

"A defendant's default does not automatically entitle a plaintiff to a default judgment." *Hartford Life & Accident Ins. Co. v. Gomez*, No. CV-13-01144-PHX-BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013). Instead, once a default has been entered, the district court has discretion to grant a default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

///

///

i. First, Fifth, Sixth, and Seventh *Eitel* Factors

In a case such as this, where the defendant has failed to meaningfully participate in the litigation, the first, fifth, sixth, and seventh factors generally favor the plaintiff. *See Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first factor—the possibility of prejudice to Plaintiff—weighs in favor of granting default judgment. Defendant has failed to appear in this action, despite having been served in June 2023. (Doc. 10). If Plaintiff's Motion is denied, then Plaintiff will likely be without other recourse for recovery. *See Zekelman*, 2020 WL 1495210, at *3 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

The fifth and sixth factors—the possibility of a dispute concerning material facts and whether default was due to excusable neglect—also weigh in favor of granting default judgment. Given the allegations of the Complaint (further discussed below) and Defendant's default, the Court finds that no genuine dispute of material facts would preclude granting the Motion. And because Defendant was properly served and has never appeared in this case, the Court finds it unlikely that Defendant's failure to appear and the resulting default was the result of excusable neglect. *See id.* at *4 ("Due to Defendants' failure to participate, there is no dispute over material facts (except as to damages) and no indication that default is due to excusable neglect.").

The seventh factor—the policy favoring a decision on the merits—generally weighs in favor of denying default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of FRCP 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, Defendant's unexplained absence at this juncture of the case makes it impractical to decide on the merits. *See id.* Thus, the Court is not precluded from entering default judgment against Defendant. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000–01 (9th Cir. 2007); *Zekelman*, 2020 WL 1495210, at *4 (citation omitted) ("[T]he default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt.

Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court.").

      ii.  Second and Third *Eitel* Factors

The second and third factors—the merits of the claims and the sufficiency of the Complaint—weigh in favor of granting default judgment. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted). When the complaint sufficiently states a claim for relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted).

Taking Plaintiff's factual allegations as true, this Court finds that the Complaint sufficiently states a claim for relief against Defendant for breach of contract.[1] "To state a cause of action for breach of contract, the Plaintiff must plead facts alleging (1) a contract exists between the plaintiff and defendant; (2) the defendant breached the contract; and (3) the breach resulted in damage to plaintiff." *Little v. Grand Canyon Univ.*, 516 F. Supp. 3d 958, 964 (D. Ariz. 2021) (internal citations omitted). As to the first element, Plaintiff pleads in the Complaint that a contract (the Terms of Service) exists between the parties. (Doc. 1 at ¶¶ 4, 6, 17, 29; Doc. 20-1 at ¶¶ 13–19). Plaintiff also meets the second element because it alleges that Defendant breached the contract by failing to pay for the services rendered. (Doc. 1 at ¶¶ 7, 8, 24–27, 30–32; Doc. 20-1 at ¶¶ 20, 25). Finally, as to the third element, the Complaint sets forth damages Plaintiff has suffered because of Defendant's breach. (Doc. 1 at ¶¶ 21, 25–26, 33; Doc. 1-2; Doc. 20-1 at ¶¶ 12, 25–27). Accordingly, Plaintiff's claims are meritorious and sufficiently plead in the Complaint.

///

---

[1] The Complaint asserts two counts, however, Plaintiff explained that Count Two of the Complaint was filed in the alternative to Count One and therefore need not be ruled upon. (Doc. 20 at n.2).

### iii. Fourth *Eitel* Factor

Under the fourth factor, this Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003) (citation omitted). "[A] default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." *Id.* at 499. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman*, 2020 WL 1495210, at *4 (internal quotations omitted) (citation omitted). Here, Plaintiff asserts that "Defendant [owes] at least $141,664.27 for its use of the Service." (Doc. 20 at 3 (emphasis added)). This amount is derived from the total of the invoice for the services rendered less the amount Defendant has already paid. (Doc. 1-2 at 12; Doc. 1 at ¶¶ 21–25). Plaintiff is not claiming punitive damages or other special damages. (Doc. 20 at 6). Given the supporting documentation and the overall reasonableness of Plaintiff's requested relief, the Court finds that the fourth factor, too, weighs in favor of default judgment.

**c. Relief Sought**

Unlike the Complaint's other factual allegations, those pertaining to damages are not taken as true upon default. *Geddes*, 559 F.2d at 560. Thus, a plaintiff "is required to prove all damages sought in the complaint." *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (internal quotations omitted) (quoting *Philip Morris USA, Inc*, 219 F.R.D. at 498). A plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018) (citing *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011)). Courts may rely on declarations submitted by the plaintiff in determining appropriate damages. *Tolano*, 2019 WL 6464748, at *6 (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498).

Here, Plaintiff submitted a sworn declaration asserting that Defendants failed to pay the remaining amount due for the services rendered. The total on the invoice was

$171,664.27. (Doc. 20-1 at ¶ 22; Doc. 20-6 at 12). However, Defendant has only made six partial payments to Plaintiff in the amount of $5,000 each for the total of $30,000. (Doc. 20-1 at ¶ 24). Based on these figures, Plaintiff asserts it is owed the remaining $141,664.27. (*Id.* at ¶ 25). Accordingly, the Court finds that Plaintiff has proven actual damages in the amount of $141,664.27.

Additionally, Plaintiff asserts that the Terms of Service entitles Plaintiff to recover attorneys' fees and costs. (Doc. 20 at 2). More specifically, the Terms of Service provides that "[i]n the event a dispute arises regarding this Agreement or the use of the RunBuggy Service, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs incurred." (Doc. 20-3 at 11). Plaintiff has not made it clear whether it intends to file a motion to recover attorneys' fees and costs incurred in this action upon entry of default judgment. To the extent that it does, the Court directs Plaintiff to file a motion for attorneys' fees and costs in accordance with FRCP 54(d) and LRCiv 54.2.

### III.   CONCLUSION

Having reviewed Plaintiff's motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate. Accordingly,

**IT IS ORDERED:**

1. That Plaintiff's Third Motion for Default Judgment (Doc. 20) is **granted**. Default judgment, pursuant to FRCP 55(b)(2), is **entered** in favor of Plaintiff RunBuggy OMI Incorporated—and against Defendant Direct Logistic Transport LLC—on Count One, Breach of Contract.
2. That Plaintiff shall be awarded **$141,664.27** in actual damages.

///
///
///
///
///

3. That Plaintiff shall have until **January 30, 2024** to file a motion for attorneys' fees in accordance with FRCP 54(d)(2) and LRCiv 54.2; and

4. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 16th day of January, 2024.

                                        Honorable Steven P. Logan
                                        United States District Judge